# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Patrick Thelen,

                Petitioner,      Case No. 19-cv-10212

v.                                    Judith E. Levy
                                    United States District Judge

James Billingsley,

                                    Mag. Judge David R. Grand

                Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT [8]

Petitioner Patrick Thelen filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary hearing conducted by the Bureau of Prisons where he was found guilty of testing positive for using amphetamines and methamphetamines. (Dkt. 1.) The Court dismissed the petition as duplicative of Thelen's earlier, pending habeas petition challenging the same disciplinary conviction and raising the same claim. (Dkt. 6.) Now, Thelen has filed a motion to alter or amend the judgment. (Dkt. 8.)

1

A motion to alter or amend judgment brought by a habeas petitioner under Federal Rule of Civil Procedure 59(e) may properly be analyzed as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). To prevail on a motion for reconsideration, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Rule 59(e) that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties

2

use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Thelen argues that this Court erred in dismissing his petition in this case as duplicative because he voluntarily dismissed his earlier habeas petition. (Dkt. 8.) However, he is mistaken. Although Thelen moved to dismiss his earlier habeas petition, the Court has not yet granted that motion, nor has it dismissed the case. *See Thelen v. Terris*, No. 18-cv-13719, Dkt. 8 (Jan. 8, 2019.) Thus, the earlier petition remains pending, and the this new case is duplicative.[1]

Accordingly, the Court denies Thelen's motion to alter or amend the judgment because he has failed to demonstrate a palpable defect or that the correction of the earlier order of dismissal would lead to a different result.

IT IS SO ORDERED.

Dated: April 26, 2019　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Moreover, Thelen does not explain why he filed a petition in the instant case after moving to voluntarily dismiss his earlier petition.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager